UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DANA ANN GARDNER,

    Plaintiff,

v.

LKM HEALTHCARE, LLC,

    Defendant.

3:10-cv-0686-LRH-VPC

ORDER

Before the court is defendant LKM Healthcare, LLC, doing business as Rosewood Rehabilitation Center's ("Rosewood") motion for partial summary judgment filed on November 24, 2010. Doc. #5.[1] Plaintiff Dana Ann Gardner ("Gardner") filed an opposition (Doc. #6) to which Rosewood replied (Doc. #7).

**I.    Facts and Background**

Gardner was employed as a certified nurses assistant at Rosewood. Gardner, who identified herself as black, alleges that on November 26, 2007, her employment with Rosewood was terminated because she complained about the discriminatory policies of Rosewood. Gardner subsequently filed a civil rights complaint pursuant to Title VII and 42 U.S.C. § 1981 against Rosewood alleging racial discrimination. Doc. #1. Thereafter, Rosewood filed the present motion for partial summary judgment. Doc. #5.

---

[1] Refers to the court's docket entry number.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

2

**III.     Discussion**

After her termination, Gardner applied for unemployment benefits with the Nevada Department of Employment, Training and Rehabilitation Employment Security Division ("ESD"), a state agency. ESD investigated Gardner's termination and issued a decision that she was discharged from Rosewood for her own misconduct which precluded her from obtaining unemployment benefits. Rosewood now argues that this decision by the ESD, that Gardner was discharged for her own misconduct, constitutes a final decision on the merits of her claim for racial discrimination, and therefore, is precluded from further litigating this issue in federal court by the doctrine of res judicata. *See* Doc. #5.

The doctrine of res judicata precludes a party from re-litigating issues in one court that have already been fully litigated on the merits in another court. *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008). Res judicata applies when: (1) the issues in the prior litigation are identical to the present action; (2) the initial ruling was final and on the merits; (3) the party against whom judgment is asserted was a party or in privity with a party in the initial action; and (4) the issue was actually litigated. *Id*. Further, "federal courts must give a state court judgment the same preclusive effect that the judgment would receive in state court." *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1265 (9th Cir. 1997). This preclusive effect extends to a state agency if the agency acts in a judicial capacity to resolve disputed issues of law and fact properly before it, and the parties had an adequate opportunity to litigate those issues. *Olson v. Morris*, 188 F. 3d 1083, 1086 (9th Cir. 1999).

The court has reviewed the documents and pleadings on file in this matter and finds that ESD was not acting in a judicial capacity when it issued its decision that Gardner was discharged for her own misconduct. The ESD did not conduct an evidentiary hearing on Gardner's termination. Rather, the ESD determined, based on the single page application provided by Gardner and the response by Rosewood that she was terminated for her own misconduct. There

3

1  was nothing in this cursory determination by ESD which provided sufficiently rigorous Due
2  Process safeguards such that the decision can be equated with a state court judgment for the
3  purpose of applying res judicata. ESD was simply acting as an administrative agency determining
4  whether or not Gardner was entitled to unemployment benefits as a result of her termination.
5  Therefore, ESD's findings are not binding upon this court and shall not be given preclusive effect.
6      Additionally, the court finds that it is improper for a determination of the payment of
7  employment benefits to have preclusive effect on Gardner's constitutionally protected rights when
8  the determination of whether a petitioner's constitutional rights have been violated is outside the
9  scope of the agency's normal business. The ESD system is intended to determine whether an
10 employee's termination was based on employee misconduct or other business and economic
11 factors, not to vindicate an individual's constitutional rights. *See* NRS 612.85. Accordingly, the
12 court shall deny Rosewood's motion for partial summary judgment.

14     IT IS THEREFORE ORDERED that defendant's partial motion for summary judgment
15 (Doc. #5) is DENIED.
16     IT IS SO ORDERED.
17     DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4