UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DANA ANN GARDNER,

    Plaintiff,

v.

LKM HEALTHCARE, LLC,

    Defendant.

3:10-cv-0686-LRH-VPC

ORDER

Before the court is defendant LKM Healthcare, LLC's ("LKM") motion to dismiss filed on January 20, 2011. Doc. #9.[1] Plaintiff Dana Ann Gardner ("Gardner") filed an opposition (Doc. #10) to which Rosewood replied (Doc. #11).

**I.**    **Facts and Background**

On July 24, 2007, Gardner was employed by LKM as a Certified Nurses Assistant ("CNA") at its Rosewood Rehabilitation Center ("Rosewood"). Gardner, who identifies herself as black, alleges that during her time at Rosewood she, along with fellow black employees, was subjected to different working conditions than similarly situated white employees. Ultimately, Gardner filed a complaint with the Nevada Equal Rights Commission ("NERC") about the alleged discrimination.

On November 26, 2007, Gardner was terminated from her employment with LKM. Subsequently, on November 1, 2010, Gardner filed a civil rights complaint pursuant to Title VII

---

[1] Refers to the court's docket entry number.

against LKM alleging racial discrimination and retaliation. Doc. #1. Thereafter, LKM filed the present motion to dismiss. Doc. #9.

## II. Legal Standard

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

1  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
2  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
3  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
4  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
5  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

6  **III.   Discussion**

7        Title VII prohibits employee discrimination on the basis of race, color, religion, sex, or
8  national origin. *See* 42 U.S.C. § 2000e-2(a). To prevail on her Title VII discrimination claim, a
9  plaintiff must establish a prima facie case of discrimination by presenting evidence that "gives rise
10  to an inference of unlawful discrimination." *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 1148
11  (9th Cir. 1997); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff
12  can establish a prima facie case of discrimination through the burden shifting framework set forth
13  in *McDonnell Douglas*. *Metoyer v. Chassman*, 504 F.3d 919, 931 (9th Cir. 2007).

14        Under the *McDonnell Douglas* framework, the plaintiff carries the initial burden of
15  establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802.  To
16  establish a prima facie case, the plaintiff must show that: (1) she belongs to a protected class; (2)
17  she was qualified for her position and was performing her job satisfactorily; (3) she suffered an
18  adverse employment action; and (4) similarly situated individuals outside of her protected class
19  were treated more favorably. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (*citing*
20  *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)); *see also, Bodett v. Coxcom,*
21  *Inc.*, 366 F.3d 736, 743 (9th Cir. 2004); *Orr v. Univ. Med. Ctr.*, 51 Fed. Appx. 277 ("An implicit
22  part of the "qualification" requirement is that the plaintiff was performing her job satisfactorily).

23        If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant
24  to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct.
25  *McDonnell Douglas*, 411 U.S. at 802.  If the defendant provides such a justification, the burden
26

shifts back to the plaintiff to show that the defendant's justification is a mere pretext for discrimination.  *Id.* at 804.

In its motion to dismiss, LKM argues that Gardner has failed to allege a prima facie case of employment discrimination because (1) she has failed to identify an adverse employment action taken by LKM, and (2) she was not qualified for her position as a CNA. *See* Doc. #9.

However, after reviewing the documents and pleadings on file in this matter, the court finds that Gardner has sufficiently alleged a prima facie case of race discrimination under *McDonnell Douglas*. First, it is undisputed that Gardner is a member of a protected class. Second, Gardner had the necessary qualifications and certificates for her position as a CNA. Although LKM argues that Gardner was not qualified for her position because she allegedly abandoned her patients on more than one occasion, Gardner disputes this accusation as unfounded and untrue. Further, Gardner's complaint, which the court takes as true for purposes of the motion to dismiss, alleges that she was fully qualified for her position.

Third, Gardner alleges that she was subject to adverse working conditions by her supervisors on account of her race. Specifically, Gardner alleges that she was harassed and unfairly reprimanded and that she was given heavier work assignments and longer duties. *See* Doc. #1. Allegations of adverse working conditions including assigning less desirable duties, tasks, shifts, and work stations based on race are an adverse employment action because they change the terms and conditions of a plaintiff's employment. *See e.g., International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 325 fn. 15 (1977). Further, Gardner alleges that she was terminated in relation for filing her complaint with NERC. *See* Doc. #1, ¶30 ("On or about November 26, 2007, [LKM] discharged [Gardner] in retaliation for filing her charge with the Nevada Equal Rights Commission and/or due to her race."). Therefore, the court finds that Gardner has sufficiently alleged an adverse employment action by LKM.

Finally, Gardner alleges that similarly situated white employees were treated more

favorably than black CNAs thereby satisfying the fourth requirement of *McDonnell Douglas*. *See* Doc. #1, ¶29 ("[Gardner's supervisors] harassed, demeaned, reprimanded and/or cursed at [her] while white employees did not receive this treatment . . . ."). Thus, based on the allegations in the complaint, the court finds that Gardner has sufficiently pled a claim for race discrimination in violation of Title VII. Accordingly, the court shall deny LKM's motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #9) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5